UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAVONTE WILDERNESS,

    Plaintiff,

    v.      No. 3:23 CV 207

RON NEAL, *et al.*,

    Defendants.

## OPINION and ORDER

Lavonte Wilderness, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983.[1] (DE # 10.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wilderness is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] His original complaint was stricken because it contained unrelated claims against unrelated defendants. (DE # 9.) He was given an opportunity to replead and he responded with the present filing.

Wilderness is an inmate at Wabash Valley Correctional Facility. (DE # 11.) His claims stem from events occurring when he was incarcerated at Indiana State Prison ("ISP"). (DE # 10.) He claims that on a date in March 2021, he was finishing his shower when Officer M. Sanders arrived to escort him back to his cell. The officer told him to "butterfly cuff-up," by which he meant that Wilderness should submit to handcuffs with "palms facing opposite directions." He allegedly told the officer he had a problem with his right wrist and was in pain. The officer allegedly began to grab his hands despite being alerted to his wrist problem, and Wilderness told the officer he intended to file a grievance about him. The officer allegedly responded to this comment by spraying Wilderness in the face with pepper spray.

The officer then left and returned with Sergeant L. Haskell, who repeated the command that he should "butterfly cuff-up." At that point, Wilderness was allegedly "drenched in pepper spray" and could not see anything. As he walked toward the cuff-port area to comply with the order, he again stated that he was planning to file a grievance about the incident. Both officers then allegedly "got mad" and pepper-sprayed him "until their cans were empty." They then left and returned with additional officers.

Wilderness was able to clean some of the pepper spray off his face and saw Officer Anthony Sims standing at the cuff-port. This officer coaxed him into submitting to handcuffs, and he was then escorted back to D-cellhouse. On the way, Sergeant Haskell allegedly twisted his arm back as if he were trying to break it, and then threw him to the ground and punched and kicked him approximately 20 times in the face,

head, and back, all while he was handcuffed. The Sergeant then allegedly stepped on his right wrist and broke it. Officer Sims, Officer Sanders, and Officer Grams (first name unknown) were allegedly present during this incident but simply "stepped back out of the way" and did nothing to stop Sergeant Haskell. Wilderness additionally claims to have seen Officer Cassandra Guydon, Officer Frazie (first name unknown), Officer Ramos (first name unknown), and Sergeant Hilliker (first name unknown) standing nearby, watching him being beaten. Three of the officers then picked him up and escorted him to the medical unit, during which time Sergeant Haskell allegedly continued to punch him in the ribs.

Wilderness claims that as a result of this incident, he suffered extreme pain, a broken bone, bruises, impairment of his right eye, and other injuries. He now sues ISP Warden Ron Neal, Sergeant Haskell, Officer Sanders, Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims for monetary damages.[2]

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force

---

[2] He also describes his interactions with a nurse in the medical unit and with two prison employees who were involved in his subsequent efforts to grieve this incident. However, it appears he included this information merely as background, as he states that these three individuals "are not defendants in this suit." (DE # 10 at 7.)

was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Additionally, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000).

Giving Wilderness the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Sergeant Haskell. He claims that he was handcuffed and being escorted by another officer when Sergeant Haskell allegedly threw him to the ground, punched him, kicked him, and broke his wrist by stepping on it. The Sergeant allegedly continued to punch him in the ribs even when he was being taken to the medical unit for treatment. He further alleges that Officer Sanders, Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims were all standing nearby and saw the beating, but did nothing to stop it. He has alleged enough to proceed against these Defendants under the Eighth Amendment.

He further claims unlawful retaliation. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Filing a grievance or lawsuit qualifies as protected activity for purposes of a First Amendment claim. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020).

4

Here, Wilderness claims that he informed Sergeant Haskell that he intended to file a grievance about the rough manner in which he and Officer Sanders tried to secure him with handcuffs notwithstanding his wrist problem. He claims that these officers "got mad" about this statement and sprayed him with a full can of pepper spray, and that Sergeant Haskell later beat him while he was handcuffed. Being beaten and sprayed with pepper spray could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). He will be permitted to proceed on a First Amendment retaliation claim against Sergeant Haskell and Officer Sanders.

As for Warden Neal, there is insufficient factual content from which the court can plausibly infer that he was personally involved in these events, and he cannot be held liable for damages solely because of his position. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no indication from Wilderness's allegations that Warden Neal did that here.[3] The Warden will be dismissed as a defendant.

---

[3] His only mention of the Warden is in the relief section where he states he would like an "injunction" against the Warden "to stop housing me in SMC-cells." (DE # 10 at 10.) There are no allegations involving "SMC-cells" in the amended complaint, nor is Wilderness in the custody of the Warden of ISP at present. (*See* DE # 11.) He cannot obtain injunctive relief on issues that fall outside the scope of this lawsuit. *See Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022); *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Haskell in his personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about March 24, 2021;

(2) **GRANTS** the plaintiff leave to proceed against Officer Sanders, Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims in their personal capacities for monetary damages under the Eighth Amendment for failing to intervene in the use of excessive force by Sergeant Haskell;

(3) **GRANTS** the plaintiff leave to proceed against Sergeant Haskell and Officer Sanders in their personal capacity for monetary damages for violating his rights under the First Amendment by retaliating against him for his statements that he intended to file a grievance about them;

(4) **DISMISSES** Ron Neal as a defendant;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant L. Haskell, Officer M. Sanders, Officer Grams (first name unknown), Officer Frazie (first name unknown), Officer Ramos (first name unknown), Sergeant Hilliker (first name unknown), Officer Cassandra Guydon, and Officer Anthony Sims at the Indiana Department of Correction and to send them a copy of this order and the amended complaint (DE # 10) pursuant to 28 U.S.C. § 1915(d);

(7) **ORDERS** the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(8) **ORDERS** Sergeant Haskell, Officer Sanders, Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: September 12, 2023

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT