UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAVONTE WILDERNESS,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, *et al.*,<br><br>Defendants. | No. 3:23 CV 207 |

## OPINION and ORDER

Lavonte Wilderness, a prisoner without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983. (DE # 33.) This pleading supersedes all earlier-filed complaints and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wilderness is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wilderness is an inmate at Wabash Valley Correctional Facility. As with his two earlier complaints, he describes events occurring in March 2021 when he was incarcerated at Indiana State Prison ("ISP").[1] He claims that around 8:30 a.m. on March 24, 2021, Officer Marshall Sanders and Officer Shantanae Frazier escorted him from his cell to the showers. When he was done showering, Officer Sanders arrived to take him back to his cell. Officer Sanders told him to "butterfly cuff-up," meaning that Wilderness should submit to handcuffs with "palms facing opposite directions." Wilderness told the officer that he could not do this because his right wrist was sprained. The officer allegedly tried to put handcuffs on him anyway and twisted his right wrist in the process. When Wilderness "jerked back" in pain, the officer allegedly pulled on the handcuffs, causing them to cut into Wilderness' wrists. Wilderness told the officer that he intended to file a grievance about him. The officer allegedly responded to this comment by spraying Wilderness in the face with pepper spray.

The officer then left and returned with Sergeant Larry Haskell, who repeated the command that he should "butterfly cuff-up." At that point, Wilderness was allegedly "drenched in pepper spray" and could not see. He told Sergeant Haskell that he could not submit to butterfly cuffs because of his wrist problem. He also repeated his statement that he intended to file a grievance about the incident. Both officers then

---

[1] Although the present complaint was filed more than two years after the March 24, 2021 incident, the court will presume for purposes of this opinion that it "relates back" to his original complaint filed on March 6, 2023, which named the same defendants and described the same events. *See* Fed. R. Civ. P. 15(c).

2

pepper-sprayed him "until their cans were empty" and told him that they were going to "beat the living hell" out of him. They left to find other officers to assist.

Wilderness was able to clean some of the pepper spray off his face and saw Officer Anthony Sims standing outside the shower. This officer coaxed him into submitting to handcuffs, and once out of the shower he was placed in leg shackles and a stomach chain. He was then escorted back to the cellhouse by Officer Sims, Sergeant Haskell, Officer Sanders, and others. While they were walking, Sergeant Haskell abruptly twisted his arm back as if he were trying to break it. Sergeant Haskell and Officer Sanders then threw him to the ground and "violently attack[ed]" him by punching and kicking him no less than 30 times in the face, head, neck, and back. During the beating Sergeant Haskell allegedly "stomped on" his right hand and broke it. The beating allegedly lasted more than a minute, until another inmate passing by told the officers to stop. Wilderness claims Officer Frazie, Officer Cassandra Guydon, Office Chelsea Grams, Officer Andreana Ramos, and Sergeant Erica Hilliker were all standing nearby and saw him being beaten, but instead of intervening did nothing. Based on this incident, he sues Sergeant Haskell, Officer Sanders, Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims seeking nominal, compensatory, and punitive damages.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

3

(citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Additionally, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000).

Giving Wilderness the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Sergeant Haskell and Officer Sanders. He claims that while he was handcuffed and shackled, the officers threw him to the ground, punched and kicked him repeatedly, and stomped on his hand, causing him significant injuries. He further alleges that Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims were all standing nearby and had an opportunity to intervene, but did nothing to stop the beating. He has alleged enough to proceed against these Defendants under the Eighth Amendment.

He further claims unlawful retaliation by Sergeant Haskell and Officer Sanders. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Filing a grievance or lawsuit qualifies as protected activity for

4

purposes of a First Amendment claim. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020).

Wilderness claims that he told the officers that he intended to file a grievance about the rough manner in which he had been handled, notwithstanding his wrist problem. He claims the officers were angered by his statements and sprayed him with pepper spray, even though he was not posing a security risk. He claims the officers then severely beat him while he was handcuffed and shackled. Being beaten and sprayed with pepper spray could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). He will be permitted to proceed on a First Amendment retaliation claim against Sergeant Haskell and Officer Sanders.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Larry Haskell and Officer Marshall Sanders in their personal capacities for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about March 24, 2021;

(2) **GRANTS** the plaintiff leave to proceed against Officer Chelsea Grams, Officer Shantanae Frazie, Officer Andreana Ramos, Sergeant Erica Hilliker, Officer Cassandra Guydon, and Officer Anthony Sims in their personal capacities for monetary damages under the Eighth Amendment for failing to intervene in the use of excessive force by Sergeant Haskell and Officer Sanders;

(3) **GRANTS** the plaintiff leave to proceed against Sergeant Haskell and Officer Sanders in their personal capacities for monetary damages for violating his rights under the First Amendment by retaliating against him for his statements indicating that he intended to file a grievance;

(4) **DISMISSES** all other claims;

(5) **ORDERS** Sergeant Haskell, Officer Sanders, Officer Grams, Officer Frazie, Officer Ramos, Sergeant Hilliker, Officer Guydon, and Officer Sims to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

        **SO ORDERED.**

Date: March 27, 2024

        s/ James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT